PAULA CHAMPAGNE, Bar No. 76545
ARTHUR M. EIDELHOCH, Bar No. 168096
GAYLE L. GONDA, Bar No. 241314
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Fax No.:       415.399.8490
Email:         pchampagne@littler.com
               aeidelhoch@littler.com
               ggonda@littler.com

Attorneys for Defendants
ALOHA HAWAIIAN BBQ and WILLIAM JUNG
(erroneously sued as WILLIAM JANG)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOU LAN CHEN, QING FENG CAI, YI LI CAI | Case No. C08-02017-JSW |
| Plaintiffs, | **DEFENDANTS' ALOHA HAWAIIAN BBQ AND WILLIAM JUNG'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |
| v. | |
| ALOHA HAWAIIAN BBQ, WILLIAM JANG DBA ALOHA HAWAIIAN BBQ and DOES 1 through 10, | |
| Defendants. | |

Defendants ALOHA HAWAIIAN BBQ and WILLIAM JUNG (erroneously sued as William Jang) (collectively, "Defendants") hereby answer the Complaint for Damages ("Complaint") filed by Plaintiffs YOU LAN CHEN ("Plaintiff Chen"), QING FENG CAI ("Plaintiff Q.F. Cai"), and YI LI CAI ("Plaintiff Y.L. Cai") (collectively, "Plaintiffs") as follows:

## NATURE OF CLAIM

1.    Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiffs purport to assert claims under the Fair Labor Standards Act and California statutes, but deny that Plaintiffs have stated any valid claims for relief requested. Defendants deny the allegation that they engaged in any violations alleged in Paragraph 1, as well as the allegation that Plaintiffs were

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

1    erroneously denied or are entitled to any remedy or compensation referenced in Paragraph 1.

2    Defendants admit only that Plaintiff Chen was employed by Aloha Hawaiian BBQ from

3    approximately November 19, 2006 to approximately February 29, 2008, that Plaintiff Q.F. Cai was

4    employed by Aloha Hawaiian BBQ from approximately July 16, 2005 to approximately February

5    29, 2008, and that Plaintiff Y.L. Cai was employed by Aloha Hawaiian BBQ from approximately

6    June 2, 2007 to approximately February 29, 2008.  Defendants deny, generally and specifically, all

7    other allegations in Paragraph 1.

8                      **SUBJECT MATTER JURISDICTION AND VENUE**

9                 2.     Answering Paragraph 2 of the Complaint, Defendants admit that venue is

10   proper.  However, Defendants deny the occurrence of any of the acts and practices about which

11   Plaintiffs complain.

12                3.     Answering Paragraph 3 of the Complaint, Paragraph 3 contains legal

13   arguments not requiring an answer and on that basis Defendants deny, generally and specifically,

14   each and every allegation in Paragraph 3.

15                                    **PARTIES**

16                4.     Answering Paragraph 4 of the Complaint, Defendants lack sufficient

17   information or belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

18                5.     Answering Paragraph 5 of the Complaint, Defendants admit that Aloha

19   Hawaiian BBQ is a restaurant in Newark, California.  Except as expressly admitted herein,

20   Defendants deny, generally and specifically, all other allegations in Paragraph 5.

21                6.     Answering Paragraph 6 of the Complaint, Defendants admit that Defendant

22   William Jung is a resident in the County of Alameda, California.  Defendants lack information

23   sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint as it

24   relates the Defendants not yet named, and therefore denies them as to those Doe defendants.

25                7.     Answering Paragraph 7 of the Complaint, Defendants admit that Defendant

26   William Jung was an officer or owner or employee of Aloha Hawaiian BBQ.  Defendants lack

27   information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the

28   Complaint as it relates the Defendants not yet named, and therefore denies them.  Except as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

2.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

1  expressly admitted herein, Defendants deny, generally and specifically, all other allegations in

2  Paragraph 7.

3  **GENERAL ALLEGATIONS**

4      8.      Answering Paragraph 8 of the Complaint, Defendants admit that Aloha

5  Hawaiian BBQ, a restaurant in Newark, California, employed Plaintiffs.  Except as expressly

6  admitted herein, Defendants deny, generally and specifically, all other allegations in Paragraph 8.

7      9.      Answering Paragraph 9 of the Complaint, Defendants admit that Plaintiff Q.F.

8  Cai had job duties which included duties of a cook and that Plaintiff Chen and Plaintiff Y.L. Cai may

9  have at times during their employment performed duties of assisting with the cooking.  Except as

10  expressly admitted herein, Defendants deny, generally and specifically, all other allegations in

11  Paragraph 9.

12      10.     Answering Paragraph 10 of the Complaint, Defendants admit that Plaintiffs

13  may have at times worked in excess of 40 hours per week.  Except as expressly admitted herein,

14  Defendants deny, generally and specifically, all other allegations in Paragraph 10.

15      11.     Answering Paragraph 11 of the Complaint, Defendants admit that Plaintiffs

16  were paid in full all wages earned while employed by Aloha Hawaiian BBQ and that they were paid

17  on at least a twice per month basis.

18      12.     Answering Paragraph 12 of the Complaint, Paragraph 12 contains legal

19  arguments not requiring an answer and on that basis Defendants deny, generally and specifically,

20  each and every allegation in Paragraph 12.

21      13.     Answering Paragraph 13 of the Complaint, Defendants lack information

22  sufficient to form a belief as to the truth of the allegation that at no time during Plaintiffs'

23  employment did Plaintiffs maintain any professional license with the state or practice any recognized

24  profession, and therefore denies this allegation.  Except as expressly admitted herein, Defendants

25  deny, generally and specifically, all other allegations in Paragraph 13.

26      14.     Answering Paragraph 14 and subparagraphs (a) through (g) of the Complaint,

27  Paragraph 14 and subparagraphs (a) through (g) contain legal arguments not requiring an answer.

28  To the extent an answer is required, Defendants deny, generally and specifically, each and every

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

3.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

1  allegation in Paragraph 14. Defendants lack information sufficient to form a belief as to the truth of

2  the allegations in Paragraph 14 and subparagraphs (a) through (g) of the Complaint, as it relates the

3  Defendants not yet named, and therefore deny them.

4.  **COUNT ONE**

5  **(Violation of CA Labor Code § 510, Failure to Properly Pay Overtime Wages)**

6         15.    Answering Paragraph 15 of the Complaint, Defendants incorporate by

7  reference its answers to Paragraphs 1 through 14 of the Complaint.

8         16.    Answering Paragraph 16 of the Complaint, Paragraph 16 contains legal

9  arguments not requiring an answer. To the extent an answer is required, Defendants admit that

10  California Labor Code section 510 provides in part that any work in excess of eight hours in one

11  workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate

12  of no less than one and on-half times the regular ate of pay for an employee, and that any work in

13  excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate

14  of pay for an employee. Except as expressly admitted herein, Defendants deny, generally and

15  specifically, all other allegations in Paragraph 16.

16         17.    Answering Paragraph 17 of the Complaint, Defendants admit that Plaintiffs

17  may have at times worked in excess of 40 hours per week. Except as expressly admitted herein,

18  Defendants deny, generally and specifically, all other allegations in Paragraph 17.

19         18.    Answering Paragraph 18 of the Complaint, Paragraph 18 contains legal

20  arguments not requiring an answer. To the extent an answer is required, Defendants admit that

21  California Labor Code section 1194 provides in part that, notwithstanding any agreement to work for

22  a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

23  compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of

24  the full amount of this minimum wage or overtime compensation. Except as expressly admitted

25  herein, Defendants deny, generally and specifically, all other allegations in Paragraph 18.

26         19.    Answering Paragraph 19 of the Complaint, Defendants deny, generally and

27  specifically, each and every allegation in Paragraph 19.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

4.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

20.    Answering Paragraph 20 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 20.

21.    Answering Paragraph 21 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 21.

22.    Answering Paragraph 22 of the Complaint, generally no answer is required to Paragraph 22, which merely sets forth a type of relief sought by Plaintiffs.  Defendants deny the implication that Plaintiffs are entitled to the relief referenced in Paragraph 22.  Defendants deny, generally and specifically, all other allegations in Paragraph 22.

## COUNT TWO

### (Violation of the Fair Labor Standards Act, Failure to Properly Pay Overtime Wages)

23.    Answering Paragraph 23 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 22 of the Complaint.

24.    Answering Paragraph 24 of the Complaint, Paragraph 24 contains legal arguments not requiring an answer.  To the extent an answer is required, Defendants admit that Aloha Hawaiian BBQ employed Plaintiffs.  Except as expressly admitted herein, Defendants deny, generally and specifically, all other allegations in Paragraph 24.

25.    Answering Paragraph 25 of the Complaint,  Paragraph 25 contains legal arguments not requiring an answer.  To the extent an answer is required, Defendants admit that non-exempt employees are entitled to pay at a rate of one and one-half times their regular rate of pay for work performed in excess of forty hours per week under the Fair Labor Standards Act.  Except as expressly admitted herein, Defendants deny, generally and specifically, all other allegations in Paragraph 25.

26.    Answering Paragraph 26 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 26.

27.    Answering Paragraph 27 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 27.

28.    Answering Paragraph 28 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 28.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

5.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

29. Answering Paragraph 29 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, generally no answer is required to Paragraph 31, which merely sets forth a type of relief sought by Plaintiffs. Defendants deny the implication that Plaintiffs are entitled to the relief referenced in Paragraph 31. Defendants deny, generally and specifically, all other allegations in Paragraph 31.

## COUNT THREE

**(Violation of CA Labor Code § 201, Failure to Pay Wages Due and "Waiting Time" Penalties)**

32. Answering Paragraph 32 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 31 of the Complaint.

33. Answering Paragraph 33 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, Paragraph 34 contains legal arguments not requiring an answer. To the extent an answer is required, Defendants admit that California Labor Code section 201 provides in part that if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately and that California Labor Code section 203 provides in part that willful failure to pay, without abatement or reduction, in accordance with Labor Code section 201 any wages of an employee who is discharged, results in the wages of the employee continuing as a penalty from the date thereof at the same rate until paid or until an action therefore is commenced. Except as expressly admitted herein, Defendants deny, generally and specifically, all other allegations in Paragraph 34.

35. Answering Paragraph 35 of the Complaint, Defendants deny, generally and specifically, each and every allegation in Paragraph 35.

36. Answering Paragraph 36 of the Complaint, generally no answer is required to Paragraph 36, which merely sets forth types of relief sought by Plaintiffs. Defendants deny the implication that Plaintiffs are entitled to the relief referenced in Paragraph 36. Defendants deny,

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

6.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

1  generally and specifically, all other allegations in Paragraph 36.

2        37.    Answering Paragraph 37 of the Complaint, generally no answer is required to

3  Paragraph 37, which merely sets forth a type of relief sought by Plaintiffs. Defendants deny the

4  implication that they engaged in any violation alleged in Paragraph 37, as well as the implication

5  that Plaintiffs are entitled to the relief referenced in Paragraph 37. Defendants deny, generally and

6  specifically, all other allegations in Paragraph 37.

7  **COUNT FOUR**

8  **(Violation of CA Business and Professions Code § 17200, Unfair Business Practices)**

9        38.    Answering Paragraph 38 of the Complaint, Defendants incorporate by

10  reference their answers to Paragraphs 1 through 37 of the Complaint.

11        39.    Answering Paragraph 39 of the Complaint, Paragraph 39 contains legal

12  argument not requiring an answer. To the extent an answer is required, Defendants admit that the

13  California Labor Code section 510 and certain Wage Orders promulgated by the California

14  Industrial Welfare Commission require employers to pay overtime to certain employees under

15  certain circumstances. Except as expressly admitted herein, Defendants deny, generally and

16  specifically, all other allegations in Paragraph 39.

17        40.    Answering Paragraph 40 of the Complaint, Paragraph 40 contains legal

18  argument not requiring an answer. To the extent an answer is required, Defendants admit that

19  California Business and Professions Code section 17200 *et seq.* prohibits certain types of

20  competition by prohibiting unlawful or unfair business acts and practices. Defendant denies the

21  allegation that the engaged in any unlawful business acts and practices as alleged in Paragraph 40.

22  Except as expressly admitted herein, Defendants deny, generally and specifically, all other

23  allegations in Paragraph 40.

24        41.    Answering Paragraph 41 of the Complaint, Defendants deny, generally and

25  specifically, each and every allegation in Paragraph 41.

26        42.    Answering Paragraph 42 of the Complaint, Defendants deny, generally and

27  specifically, each and every allegation in Paragraph 42.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

7.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

1   43.   Answering Paragraph 43 of the Complaint, Defendants deny, generally and

2   specifically, each and every allegation in Paragraph 43.

3   44.   Answering Paragraph 44 of the Complaint, Defendants deny, generally and

4   specifically, each and every allegation in Paragraph 44.

5   45.   Answering Paragraph 45 of the Complaint, generally no answer is required to

6   Paragraph 45, which merely sets forth a type of relief sought by Plaintiffs. Defendants deny the

7   implication that they engaged in any violation alleged in Paragraph 45, as well as the implication

8   that Plaintiffs are entitled to the relief referenced in Paragraph 45. Defendants deny, generally and

9   specifically, all other allegations in Paragraph 45.

10   **COUNT FIVE**

11   **(Violation of CA Labor Code § 226, Inadequate Pay Statement)**

12   46.   Answering Paragraph 46 of the Complaint, Defendants incorporate by

13   reference their answers to Paragraphs 1 through 45 of the Complaint.

14   47.   Answering Paragraph 47 of the Complaint, Paragraph 47 contains legal

15   arguments not requiring an answer. To the extent an answer is required, Defendants admit that

16   California Labor Code section 226(a) requires that California employers provide accurate itemized

17   wage statements and that California Labor Code section 226(e) including, but not limited to, all

18   applicable hourly rates in effect during the pay period and the corresponding number of hours

19   worked at each hourly rate by the employee; all deductions; net wages earned; the inclusive dates of

20   the period for which the employee is paid; the number of piece-rate units earned and any applicable

21   piece rates; and the name and address of the legal entity that is the employer. Except as expressly

22   admitted herein, Defendants deny, generally and specifically, all other allegations in Paragraph 47.

23   48.   Answering Paragraph 48 of the Complaint, Paragraph 48 contains legal

24   arguments not requiring an answer. To the extent an answer is required, Defendants admit that

25   California Labor Code section 226 also provides that an employee suffering injury as a result of a

26   knowing and intentional failure by an employer to comply with this section is entitled to recover the

27   greater of either actual damages or $50 for the initial pay period in which a violation occurs and

28   $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

8.

1  of $4000. Except as expressly admitted herein, Defendants deny, generally and specifically, all

2  other allegations in Paragraph 48.

3         49.    Answering Paragraph 49 of the Complaint, Paragraph 49 contains legal

4  arguments not requiring an answer and on that basis Defendants deny, generally and specifically,

5  each and every allegation in Paragraph 49.

6         50.    Answering Paragraph 50 of the Complaint, Paragraph 50 contains legal

7  arguments not requiring an answer and on that basis Defendants deny, generally and specifically,

8  each and every allegation in Paragraph 50.

9         51.    Answering Paragraph 51 of the Complaint, Defendants deny, generally and

10  specifically, each and every allegation in Paragraph 51.

11         52.    Answering Paragraph 52 of the Complaint, Paragraph 52 contains legal

12  argument not requiring an answer. To the extent an answer is required, Defendants deny, generally

13  and specifically, each and every allegation in Paragraph 52.

14         53.    Answering Paragraph 53 of the Complaint, generally no answer is required to

15  Paragraph 53, which merely sets forth a type of relief sought by Plaintiffs. Defendants deny the

16  implication that Plaintiffs are entitled to the relief referenced in Paragraph 53. Defendants deny,

17  generally and specifically, all other allegations in Paragraph 53.

18                              **AFFIRMATIVE DEFENSES**

19         Defendants assert the following affirmative defenses:

20         1.    AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

21  allege that the Complaint and each cause of action fails to state sufficient facts to constitute a cause

22  of action.

23         2.    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

24  Defendants allege that the Complaint and each cause of action must be dismissed for lack of subject

25  matter jurisdiction.

26         3.    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

27  allege that the Complaint and each cause of action must be dismissed because of lack of personal

28  jurisdiction over Defendants.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

9.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

4.    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each cause of action must be dismissed because they were brought in an improper venue and/or forum.

5.    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each cause of action are barred by the equitable doctrine of waiver.

6.    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each cause of action are barred by the equitable doctrine of consent.

7.    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each cause of action are barred by the equitable doctrine of estoppel.

8.    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each cause of action are barred by the equitable doctrine of laches.

9.    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that, as a result of the acts and omissions in matters relevant to the Complaint, Plaintiffs have unclean hands and therefore are barred from asserting any claims against Defendants, and/or are limited in the amount of damages recoverable against Defendants.

10.    AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, some or all of Plaintiffs' claims are or may be barred, or the relief sought limited, because it would result in unjust enrichment of Plaintiffs.

11.    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that there must be excluded from any overtime which may be found to be due those aspects of the employees' compensation that are excluded from the regular rate of pay.

12.    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that any violation of the Fair Labor Standards Act was not willful.

13.    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that any violation of the Fair Labor Standards Act was an act or omission made in good faith and Defendants had reasonable grounds for believing that the act or omission was not a

10.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

1  violation of the Fair Labor Standards Act so that, pursuant to 29 U.S.C. § 260, liquidated damages

2  cannot be awarded.

3          14.    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

4  Defendants allege with regard to the Fifth Cause of Action of the Complaint that Plaintiffs are not

5  entitled to recover damages because any alleged failure to comply with California Labor Code

6  section 226(a) was not a "knowing and intentional failure" under California Labor Code section

7  226(e).

8          15.    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9  Defendants allege that the Complaint and each cause of action is barred because Plaintiffs' alleged

10  injuries were not proximately caused by any unlawful policies, customs, practices, and/or procedures

11  promulgated and/or tolerated by Defendants.

12          16.    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

13  Defendants allege that the Complaint and each cause of action are barred by Plaintiffs' own breach

14  of duties owed to Defendants, including without limitation those under California Labor Code

15  sections 2853 through 2859.

16          17.    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17  without in any way admitting that Defendants' alleged conduct was unlawful or wrongful, Plaintiffs

18  are barred from any recovery because Plaintiffs have not sustained any damages as a result of any

19  act or omission by Defendants or purportedly chargeable to Defendants.

20          18.    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21  Defendants allege that the Complaint and each cause of action for penalties including, but not

22  limited to, penalties under California Labor Code sections 201 and 203, are barred because (1) there

23  are bona fide disputes as to whether further compensation is due to Plaintiffs and, if so, as to the

24  amount of such further compensation (2) Defendants have not willfully failed to pay such additional

25  compensation, if any is owed, and (3) to impose waiting time penalties in this case would be

26  inequitable and unjust.

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

1    19.    AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendants allege that the Complaint and each cause of action set forth therein are barred in whole

3  or in part by the Excessive Fines Clause of the United States Constitution.

4    20.    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

5  Defendants allege that the Complaint and each cause of action set forth therein are barred in whole

6  or in part by the Due Process Clause of the United States and of the California Constitution as

7  interpreted in *Hale v. Morgan*, 22 Cal. 3d 388 (1978), and its progeny.

8    21.    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

9  Defendants allege that Plaintiffs' claims are barred because California's Business and Professions

10  Code section 17200 *et seq*. is unconstitutionally vague and overbroad and the manner in which

11  Plaintiffs allege that said statutes apply to Defendants' business practices constitutes a violation of

12  Defendants' rights to due process.

13    22.    AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

14  Defendants allege that Plaintiffs' claims are barred to the extent they seeks disgorgement of any

15  funds from Defendants or any related relief, because this and any related remedy is beyond the grant

16  of equitable power in Business and Professions Code section 17203, is beyond the court's inherent

17  equitable powers, does not serve the public and violates Defendants' rights of due process, all as set

18  out in *Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116 (2000).

19    23.    AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

20  Defendants allege that Plaintiffs' prayer for restitution pursuant to Business and Professions Code

21  sections 17200 *et seq*. is barred with respect to any claim for penalties of any nature.

22    24.    AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23  Defendants allege Plaintiffs' claims are barred because Labor Code section 226 is unconstitutionally

24  vague and overbroad as applied to the facts and circumstances of this case.

25    25.    AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

26  Defendants allege that the Complaint and each cause of action are barred because, to the extent that

27  Plaintiffs seek to recover for any penalties including, *inter alia*, penalties under California Labor

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
ian Francisco, CA 94108 2693
415 433 1940

12.

1    Code section 226, allegedly accrued more than one year before the filing of this action, such claims

2    are barred by the statute of limitations in California Code of Civil Procedure section 340(a).

3             26.     AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

4    Defendants allege that the Complaint and each cause of action are barred because, to the extent that

5    Plaintiffs seek to recover for any liability created by a statute which accrued more than three years

6    before the filing of this action, such claims are barred by the statute of limitations in California Code

7    of Civil Procedure section 338(a).

8             27.     AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9    Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the statute of limitations

10    in Fair Labor Standards Act, 29 U.S.C. section 255.

11             28.     AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

12    Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the statute of limitations

13    in California Business and Professions Code section 17208.

14             29.     AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

15    Defendants allege that the Complaint and each cause of action set forth therein are barred because

16    any recovery to which Plaintiffs might be entitled must be reduced by reason of Plaintiffs' failure to

17    mitigate damages, if any.

18             30.     AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

19    Defendants allege that the Complaint and each cause of action set forth therein are barred because

20    any entitlement to relief by Plaintiffs is barred or limited by the doctrines of after-acquired evidence

21    and "avoidable consequences."

22             31.     AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

23    Defendants alleges that Plaintiffs' recovery, if any, must be offset by any benefits and/or other

24    monies they have received or will receive.

25             32.     AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

26    Defendants allege that Plaintiffs' Complaint fails to state a claim for attorney's fees under California

27    Labor Code sections 218.5 and 1194, California Business and Professions Code section 17200 *et*

28    *seq*., or any other basis.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

13.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES

33.    AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint fails to properly state a claim upon which prejudgment interest can be granted.

34.    AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' claims are barred because there is no private right of action under California Labor Code sections 226(a).

35.    AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendants to ascertain what other defenses may exist. Defendants will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

## PRAYERS FOR RELIEF

WHEREFORE, Defendants pray for judgment from this Court as follows:

1.    That Plaintiffs take nothing by this action;

2.    That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiffs and in favor of Defendants on each of Plaintiffs' causes of action;

3.    That Plaintiffs be ordered to pay Defendants' costs and attorneys' fees, including, but not limited to, costs and attorneys' fees provided under California Labor Code § 218.5; and

4.    That Defendants be awarded such other and further relief as the Court deems appropriate and proper.

Dated: June 20, 2008

ARTHUR M. EIDELHOCH
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ALOHA HAWAIIAN BBQ and WILLIAM JUNG

Firmwide:85609607.1 059929.1001

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

14.

DEFENDANTS' ALOHA HAWAIIAN BBQ AND JUNG'S ANSWER TO COMPLAINT FOR DAMAGES